**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0299-20

WILMINGTON SAVINGS FUND
SOCIETY, FSB, as trustee of
STANWICH MORTGAGE
LOAN TRUST A,

      Plaintiff-Respondent,

v.

SIMON ZAROUR,

      Defendant-Appellant,

and

GARDEN PLAZA, a/k/a GARDEN
PLAZA CONSTRUCTION
ENTERPRISES, LLC, and SAM
HALPERIN,

      Defendants.

_____

Argued January 3, 2022 – Decided July 26, 2022

Before Judges Accurso and Rose.

On appeal from the Superior Court of New Jersey,
Law Division, Passaic County, Docket No. L-1343-19.

Simon Zarour, appellant, argued the cause pro se.

Michael C. Hughes (Houser LLP) argued the cause for respondent.

PER CURIAM

This is a replevin action.  Defendant Simon Zarour admits that in August 2016, he took from his mother's front porch an original note and mortgage she signed in 2006, which the loan servicer mistakenly sent to her instead of to the lawyer pursuing a foreclosure action against her on behalf of plaintiff Wilmington Savings Fund Society.  Instead of returning the obviously misdirected documents, defendant traded them to defendant Garden Plaza in satisfaction of a debt.  After unsuccessfully attempting to assert ownership of the documents in the borrower's bankruptcy action, Garden Plaza returned the loan documents to defendant, who then tried to enforce them in his own bankruptcy action in New York.

Specifically, defendant filed an order to show cause in his Chapter 11 case to stay the sheriff's sale in his mother's foreclosure action, claiming in a sworn statement that he took the letter containing his mother's original note and mortgage from her porch without her knowledge, "because she [didn't] want to get more depressed from all the mess from the foreclosure" by looking at her mail.  Defendant averred  he considered the servicer's mistake as

2

"Bracha, a blessing from Hashem," and claimed plaintiff's foreclosure judgment was a fraud because it obtained the judgment without possession of the original note and mortgage.[1] The bankruptcy judge viewed it differently, rejecting defendant's "finders keepers (losers weepers)" theory and denying the motion.

A New York process server left the replevin complaint at defendant's home in New York in July 2019, with a young man the process server identified as defendant's son, whom the process server estimated to be between seventeen and twenty years old but who apparently would not give his name. Defendant sent a letter to the court the following October acknowledging receipt of the complaint, which he contended, without proof, had been improperly served. He expressed his willingness to accept service to "save time" but asserted he needed an adjournment to seek legal advice. When no answer was filed, plaintiff entered default in January 2020. Defendant

---

[1] The General Equity judge presiding over the foreclosure in the vicinage was well aware when he entered summary judgment for plaintiff that it had lost possession of the original note and mortgage when they were inadvertently sent to the borrower. Plaintiff disclosed its servicer's error to the court on its motion to strike the borrower's answer and counterclaim — and its unsuccessful efforts to recover the documents. The judge ordered defendant's mother to "immediately" return the original note to plaintiff's counsel.

thereafter attempted to file an answer and counterclaim, but failed to take any steps to vacate the default.

In May 2020, plaintiff filed a motion to enter judgment by default against defendant and for summary judgment against all defendants, including Garden Plaza and its principal. Defendant cross-moved to vacate the default. The judge entered default judgment against defendant on July 16, 2020, and ordered a writ of replevin should issue directing defendant to surrender possession of the original loan documents to plaintiff, and that such surrender should occur by July 31. Pending surrender, the judge restrained defendant from tampering with or destroying the documents.

A different judge considered defendant's motion to vacate default. Defendant's motion was denied on August 24, 2020, with the judge noting defendant failed to show excusable neglect for the failure to file an answer to a pleading filed more than a year before. The order noted defendant's brief was "undecipherable." Defendant concedes his brief "admittedly, was not the most lucid." He appeals from both orders.

A large portion of defendant's brief, reply brief and 469-page appendix is taken up with his various arguments as to why plaintiff lacked standing to pursue the foreclosure action against his mother without possession of the

4

original note and mortgage. Leaving aside that the foreclosure judgment was entered more than five years ago, the property sold at sheriff's sale nearly two years ago and the time to appeal either long-since passed, defendant admits he took the documents misdirected to his mother without his mother's knowledge and has refused to return them to the rightful owner.

Defendant has no meritorious defense to his retention of plaintiff's original loan documents. See US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 469 (2012) (noting beyond a showing of excusable neglect, a defendant attempting to reopen a default judgment must possess a meritorious defense). His retention of the documents is plainly wrongful, see Chicago Title Ins. Co. v. Ellis, 409 N.J. Super. 444, 456-57 (App. Div. 2009) (noting "crux of conversion is wrongful exercise of dominion or control over property of another without authorization and to the exclusion of the owner's rights in the property"). Accordingly, a writ of replevin was appropriate. See O'Keeffe v. Snyder, 83 N.J. 478, 509 (1980) (Handler, J., dissenting) ("An action brought for replevin is a proper means for an owner to regain possession of chattels lost through conversion."); Baron v. Peoples Nat'l Bank of Secaucus, 9 N.J. 249, 255-256 (1952).

A-0299-20

Defendant's arguments to the contrary are without sufficient merit to warrant discussion in a written opinion.  See R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0299-20